[896 NYS2d 380]

In the Matter of DONNA A. CAMPBELL (Admitted as DONNA AN-
TOINETTE CAMPBELL), a Suspended Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, February 23, 2010

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria J. Anderson* of counsel), for petitioner.

*Donna A. Campbell*, Mount Vernon, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

In the course of her resignation, the respondent acknowledged her suspension and admitted that hearings were held before Judge Sherwood on September 25, 2008, October 30, 2008 and November 18, 2008. She acknowledged that proposed findings and conclusions were due on January 30, 2009, but that the submission date was adjourned without a new date pending the conclusion of an anticipated second disciplinary proceeding based upon an order to show cause, affirmation, and petition filed by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) on or about January 22, 2009.

The respondent avers that her resignation is submitted voluntarily, free from coercion and duress, with knowledge of her right to review it with counsel, and with a full awareness of the implications of its submission. The respondent is aware that she

is already the subject of a disciplinary proceeding and is currently the subject of an investigation by the Grievance Committee into allegations of professional misconduct based upon several additional complaints recently filed against her. The Grievance Committee's preliminary investigation of the several additional recent complaints revealed, inter alia, that she neglected a legal matter entrusted to her and breached her fiduciary duty regarding the maintenance of client estate funds. She acknowledges that the Grievance Committee would likely move for authorization to supplement the charges of the petition.

The respondent acknowledges her inability to successfully defend herself on the merits against the charges so authorized. She further acknowledges her inability to successfully defend on the merits against the allegations of a supplemental petition predicated on the allegations set forth in the additional recent complaints.

The respondent is aware that the Court, in any order permitting her to resign, could require her to make monetary restitution to any person or persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same.

The respondent is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her and she specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the respondent's resignation as in the best interests of the public and the most expeditious way to conclude this matter.

Inasmuch as the affidavit of resignation complies in all respects with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding previously authorized by the Court is discontinued in light of this resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the resignation of Donna A. Campbell is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Donna A. Campbell is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Donna A. Campbell shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Donna A. Campbell is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Donna A. Campbell has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated May 19, 2008 is discontinued.